```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JAMES L. BROWN, SR.,**

                    **Plaintiff,**

        v.                                CASE NO. 12-3123-SAC

**KSNW-TV News,**

                    **Defendant.**

### O R D E R

This matter comes before the court on a form complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner confined in the Sedgwick County jail in Wichita, Kansas.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*District Court Filing Fee*

Plaintiff must pay the full $350.00 district court filing fee in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).  If proceeding in forma pauperis, plaintiff may pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance

in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records provided for that relevant period, the court finds the average monthly deposit to plaintiff's account is $82.83 and the average monthly balance is $148.42.  The court therefore assesses an initial partial filing fee of $29.50, twenty percent of the average monthly balance, rounded to the lower half dollar.

*Initial Review of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).  *See also* 28 U.S.C. § 1915(e)(2)(B)(a complaint may be dismissed on initial review if the claim is malicious or frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).  Having reviewed plaintiff's allegations, the court finds the complaint should be summarily dismissed as stating no claim for relief.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff filed this action seeking damages for the alleged violation of his rights under the Eighth and Fourteenth Amendments.

2

Plaintiff claims KSNW-TV News, the sole defendant named in the complaint, broadcasted false information about him in July 2011 which defamed plaintiff, caused his life to be put in danger, and unlawfully impaired the liberty of himself and his family.

It is clear on the face of the complaint, however, that this defendant was not a "person acting under color of state law" for purposes of stating a cognizable cause of action under § 1983. Because it is patently obvious that amendment of the complaint would be futile to remedy this defect, the court concludes the complaint should be summarily dismissed as stating no claim for relief.[1] *See Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir.), *cert. denied*, 534 U.S. 922 (2001)(summary dismissal for failure to state a claim is proper when it is patently obvious the plaintiff cannot prevail, and providing opportunity to amend the complaint would be futile).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, that pursuant to 28 U.S.C. § 1915(b)(1) plaintiff is to submit within thirty (30) days an initial partial filing fee of $29.50, and that payment of the remainder of the district court filing fee is to be paid as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint is dismissed as

---

[1] Plaintiff is advised that dismissal of the complaint as stating no claim for relief constitutes a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

stating no claim for relief, and that plaintiff's motion for appointment of counsel (Doc. 3) is denied as moot.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

DATED:  This 12th day of June 2012 at Topeka, Kansas.


                                                 s/ Sam A. Crow  
                                                 SAM A. CROW  
                                                 U.S. Senior District Judge